# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-                                Case No. 15-C-1021
                                                         (85-Cr-176)

**TERRY CONNER,**

    Movant.

## DECISION AND ORDER

    Terry Conner was convicted of armed robbery after a 1988 jury trial. Conner now moves to correct his sentence under the "old" version of Federal Rule of Criminal Procedure 35(a), which provided that courts "may correct an illegal sentence *at any time …*" *United States v. Corbitt*, 13 F.3d 207, 211 (7th Cir. 1993) ("Old Rule 35(a) remained applicable to offenses committed before November 1, 1987").

    Conner argues that his sentence is illegal pursuant to *Simpson v. United States*, 435 U.S. 6, 16 (1978), which held that "in a prosecution growing out of a single transaction of bank robbery with firearms, a defendant may not be sentenced under both [18 U.S.C.] § 2113(d) and [18 U.S.C.] § 924(c)." This ruling was superseded by statute in 1984. "Our holdings in [*Simpson* and *Busic v. United States*, 446 U.S. 398 (1980)] were

based on our conclusion that the unamended text of § 924(c) left us with little 'more than a guess' as to how Congress meant to mesh that statute with the sentencing enhancement provisions scattered throughout the federal criminal code. The 1984 amendment, however, eliminated these ambiguities. At that point, Congress made clear its desire to run § 924(c) enhancements consecutively to all other prison terms, regardless of whether they were imposed under firearms enhancement statutes similar to § 924(c)." *United States v. Gonzales*, 520 U.S. 1, 10 (1997).

Setting aside the merits of Conner's argument, the important point is that his motion is not a proper Rule 35(a) motion because he confuses an "illegal sentence" with a judgment that rests on an error. "An illegal sentence within the meaning of Rule 35(a) is one that is ambiguous, inconsistent with the defendant's conviction, or otherwise defective." *United States v. Bennett*, 172 F.3d 952, 953 (7th Cir. 1999). Instead, Conner argues that he "shouldn't have been sentenced at all, and that is the type of complaint that may be litigated only by a motion under 28 U.S.C. § 2255 to vacate the sentence." *Id.* at 953-54*; see also United States v. Canino*, 212 F.3d 383, 384 (7th Cir. 2010) ("Former Rule 35(a) is limited to the correction of an illegal *sentence*; it does not cover arguments that the conviction itself is improper, for such arguments must be raised under

§ 2255"). As such, this is an unauthorized successive collateral attack that must be dismissed for lack of jurisdiction. *Id.* ("Motions nominally under a Rule of Criminal Procedure, but raising arguments within the scope of § 2255, must be treated as collateral attacks and dismissed if the petitioner has filed a prior collateral attack"). *See* Case No. 13-C-671 (dismissing § 2255 motion on the merits).

Accordingly, the Clerk of Court is directed to open a separate civil action under 28 U.S.C. § 2255 using this motion [ECF No. 94], which is **DISMISSED** for lack of jurisdiction. The Court will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 24th day of August, 2015.

                                    **SO ORDERED:**

                                  *[signature: Rudolph T. Randa]*

                                  **HON. RUDOLPH T. RANDA**
                                  **U.S. District Judge**